IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOHN JASON BAKENHUS, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 9:08-2282-HFF-BM |
| | ) |
| v. | ) |
| | ) |
| M. RIVERA, | ) **REPORT AND RECOMMENDATION** |
| Warden, | ) |
| | ) |
| Respondent. | ) |
| | ) |

This action was filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner serving his sentence at the Federal Correctional Institution (FCI) located in Estill, South Carolina, and asserts that his sentence term is being calculated incorrectly.

The Respondent filed an Answer and Motion to Deny the Habeas Petition on August 25, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on August 26, 2008, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to provide an adequate response, his Petition could be dismissed. The Petitioner thereafter filed a response in opposition to Respondent's motion on September 30, 2008. This matter is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Respondent has filed a motion to "deny habeas". As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



**Background**

Petitioner was convicted in the United States District Court for the Middle District of Tennessee for conspiracy, use of a firearm during the commission of a crime of violence, intimidation, destruction of property, and aiding and abetting. He was sentenced on January 25, 1996, to a 180 month term of imprisonment. See Respondent's Exhibit 1. As of the filing of this Petition, the Petitioner was incarcerated at FCI Estill with a projected release date of May 18, 2009 via good conduct time (GCT) release. See Respondent's Exhibit 2.

Petitioner's sentence was affirmed by the Sixth Circuit Court of Appeals on June 19, 1997. United States v. Bakenhus, 116 F.3d 1481 (6th Cir. 1997); see Respondents Exhibit 3. On August 11, 2005, Petitioner filed a § 2241 Petition in the United States District Court for the Northern District of Alabama (where he was then serving his sentence), asserting the same claim that he is asserting in his current §§ 2241 Petition; that is, that his sentence term is being calculated incorrectly because he is not receiving proper credit for pre-trial jail time. See Respondent's Exhibit 4. Petitioner's previous Petition was denied in a memorandum opinion issued January 30, 2007. Bakenhus v. Drew, Civil Action No. 05-1714; see Respondent's Exhibit 5. Petitioner also filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) in the Middle District of Tennessee on February 26, 2007, which was denied by the District Court on April 14, 2008. Bakenhus v. United States, Criminal Action No. 94-137; see Respondent's Exhibits 6 and 7; see also Respondent's Exhibit 9.

**Discussion**

Federal Courts are charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319

2



(1972); Haines v. Kerner, 404 U.S. 519 (1972). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the exhibits and arguments presented, the undersigned finds and concludes that the Respondent is entitled to judgment in this case, and that this Petition should therefore be dismissed.

Review of successive habeas petitions is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 2006. 28 U.S.C. § 2244(a)[Part of the AEDPA] provides that:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a Court of the United States if it appears that the legality of such detention has been determined by a judge of court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

Applicable case law holds that § 2244(a) bars successive petitions under § 2241 directed to the same issue. Gates v. Stansberry, No. 07-1212, 2008 WL 2165998, at * 3-4 (E.D.Va. May 23, 2008); see also Chambers v. United States, 106 F.3d 472, 475 (2nd Cir. 1997); Simon v. United States, 359 F.3d 139, 143, n. 7 (2nd Cir. 2004); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000); Jackson v. Morris, 8 Fed. Appx. 890, 892 (10th Cir. 2001)[Habeas petition raising issues that were expressly rejected on a prior petition was successive and those issues would not be considered, even though petitioner styled his arguments to raise different aspects of the issues]. Further, even *prior* to enactment of the AEDPA, the applicable case law held that where a petitioner had filed a previous § 2241 petition which was dismissed on the

3



merits, § 2244(a) barred a second § 2241 habeas petition. Gates, 2008 WL 2165998, at * 4; see also George v. Perrill, 62 F.3d 333, 334-335 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872, 873 (11th Cir. 1990); Poyner v. United States Parole Comm'n, 878 F.2d 275, 277 (9th Cir. 1989); Sacco v. United States Parole Comm'n, 639 F.2d 441, 442-443 (8th Cir. 1981).

While Petitioner may assert some additional arguments in his present Petition for why he is entitled to relief, he is still asserting the same underlying claim; *i.e.*, that he is entitled to pretrial credits toward the service of his federal sentence that he is not being awarded. Accordingly, because the habeas claim raised in the instant petition was raised in Petitioner's previous § 2241 Petition, which was adjudicated on the merits by a United States District Court, this Petition is a successive petition for writ of habeas corpus barred by § 2244(a), and should be dismissed. Cf., Peagler v. Yancey, No. 05-2921, 2006 WL 2434037 (D.S.C. Aug. 21, 2006); Ray v. Simon, No. 07-1143, 2008 WL 5412067 (D.S.C. Dec. 24, 2008); see also Singletary v. Dewalt, No. 04-623, 2005 WL 1162940 (E.D.Va. 2005).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion to deny Petitioner's habeas petition be **granted**, and that this Petition be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina
February 12, 2009



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



5